**KENNEDY v HERROLD, Admr.**

Common Pleas Court, Vinton Co

Decided June 1, 1939

James W. Darby, McArthur, for plaintiff.

W. J. Jones, O. E. Vollenweider, McArthur, and Forest Weinrich, Logan, for defendants.

**OPINION**

By CHATFIELD, J.

This is an action for work and labor performed by defendant's decedent over

a period of·some thirteen years at an alleged agreed price of one dollar per day, but it is significant that so far as appears from the petition no time was fixed for payment, although in fact, as alleged in the petition, two payments were made on the account allegedly with the understanding that more was due plaintiff. These payments are alleged to have been made in the period around 1929 and 1930, and totaled some $1700.00. There is no allegation in the pleadings that the contract was not in writing. To this petition defendant demurs raising specifically the six year statute of limitations and specifies it as §11222 GC, and no other objection is raised by the demurrer. As appears from the argument of counsel for the parties, defendant contends that each day of work is a separate cause of action, while plaintiff's contention is that the contract is entire, and that therefore the statute of limitations or any other statute of limitations could not begin to run until the work was completed. An exhaustive and well considered brief has been filed by plaintiff in support of his contention. It further appears from the petition that almost a year of work was done by the plaintiff for defendant's decedent within six years of the date of the summons in this case, and that the petition sets up but one count. The demurrer attacks the whole petition on the ground referred to.

"Where the demurrer does'specify a particular section of the statute of limitations—no other section of the statute of limitations is pleaded, and the only question for decision is whether the cause of action is barred by the particular section mentioned in the demurrer." 37 C. J. 1210, §712.

It is well settled, as it appears to this court, that a statute of limitations is such a defense as may be ▇▇▇▇▇ waived if not raised or pleaded. And indeed, there is some reason in the law as above quoted for otherwise the court would sometimes find it necessary to plead a case for a party. It is the opinion of this court that if two or more sections of the statute of limitations are involved in a pleading it ▇▇▇ behooves the party favorably affected thereby to plead them and otherwise the court may not consider the petition from that point of view.

As already noted, this petition is silent as to the time when payment for services was to take place, although there is an allegation that the rate of· pay was to be one dollar a day.

"If the petition is silent as to time, and as to any separable part of the cause of action, the demurrer should be overruled. Thus where a petition states that a debt was contracted upon a certain date, and no allegation as to when the debt became due and payable is made, the petition is not subject to demurrer." 25 O. Jur. 640, §292; Bauman v Mangold, 32 Oh Ap 419; Osborn v Portsmouth National Bank, 61 Oh St 427.

The case of Rudy v Rudy, 14 C. C. (n.s.) 545 was one in which a lady started to work for a gentleman in 1892 and in 1893 according to her petition he agreed to pay her for her services but neither the amount of pay nor the time were agreed upon. She worked until 1912. The statute of limitations was plead by demurrer and it was held that the contract was entire and that statute of limitations did not begin to run until the completion of service or breach by the employer. The question of entirety of contract as well as question of contract at all is one for the jury. Snider v Snider, 102 Oh St 372. See also Larkin v Buck, 11 Oh St 561; and 9 O. Jur. 471, §234. While the petition in the case at bar might be subject to a motion to make a bit more definite and certain in regard to the exact conditions of the alleged contract, it can not be said in my opinion that as to the entirety of contracts that the petition affirmatively shows that it was not such a contract. And it has been held that before a demurrer on the statute of limitations may be sustained

it must affirmatively appear upon the face of the pleadings that the action is barred. 25 O. J. 638; 17 R. C. L. 996.

To this court there appear to be other and perhaps more cogent reasons why the demurrer should be overruled. As already indicated, the petition is in the form of one cause of action and it appears that almost a year of work was done by plaintiff within the six year limitation before the action was commenced. The demurrer does not except this portion from its attack. It is general, to the whole of the cause set up in the petition. Assuming, as argued by the defendant, that each day of work was a separate cause of action and that the statute of limitations started to run upon it at that time, as indeed it would if such were the case, it seems to this court that the part of the days of work or causes of action, as appears from the petition, being less than six years before the date of summons in this case —almost a year, in fact alleged thus, the demurrer must be overruled.

"To warrant the sustaining of a demurrer to a petition on the ground that the cause of action is barred by the statute of limitations, the petition must show on its face that the whole cause of action is so barred. If the petition is silent as to time, as to any separable part of the cause of action, the demurrer should be overruled." Osborn v Portsmouth Natl. Bank, supra.

In this connection reference is also made to the case of Courson v Courson. 19 Oh St 454; 25 O. Jur. 615; 37 C. J. 1227, §739; 31 O. Jur. §120 on Pleading, which in turn cites 21 R. C. L. 516, 6 Oh St 473, and McGrudder v McCandlin, 3 O. D. Reprint 269. Defendant in this case would have demurred to that part of the petition which, on his theory of the case, was barred by the six year limitations of action and answered as to those days of charge which were not over six years of age. This he did not do but pleads the bar as to all of it. In so doing he must, in the judgment of this court, suffer his demurrer to be overruled.

Under the allegations of the petition in this case, as heretofore mentioned, there appear to have been two payments made under this alleged contract with the understanding that they were part payments upon a sum admittedly larger in amount. Such is this court's interpretation of the phraseology of the petition.

"In an action to recover on an account 23 years old, where partial payments were made, the first more than six years after the date of the last sale and entry thereof in the creditors books, and the last within one year before suit was brought, each payment being **made by check enclosed in a letter stating it was on account and that more would be sent later: Held** sufficient to remove the bar of the statute of limitations." Trenton Banking Co. v J. C. Rittenhouse, Appt. 96 N. J. L. 450 (Syl. one). (Emphasis ours). This case cited in 36 A. L. R. 357, see also page 352, note; and **Findlay Brewing Co. v Brown, 19 O. C. C. 612.**

Again it is said in the second paragraph of syllabus in **Kaufman v Broughton, 31 Oh St 424:**

"A credit upon an account after the cause of action upon the same is barred by the statute of limitations will not be treated as part payment thereof, unless shown to have been so intended by the parties." and **25 O. Jur. 620, 621, and 622.**

See also in this connection 59 A. L. R. 933 note. It appears to this court that such a suspension of the statute of limitations, by the language used in the petition, is at least inferable if not actually plead as such. So that, assuming again that defendant is right in his contention that the statute plead began to run at the end of each day for that day's unpaid work, under the allegations of the petition part payments were made under such circumstances as indicate an understanding

on the part of defendant's decedent that he was paying but a part of an admittedly larger amount. Nor was it necessary that the exact amount of the larger debt be agreed upon.

"It is sufficient if the circumstances of the payment indicate that the payment was a part payment of a recognized account larger in amount than the payment itself. It is not necessary that the exact amount of the indebtedness should have been stated or recognized by the parties at the time the payment was made. It is sufficient that it was to be applied upon a certain account of a larger amount than the payment." 36 A. L. R. 352 Note.

There is but one other matter the court mentions in passing before formally ruling on the demurrer. The demurrer somewhat necessarily assumes that the contract is not in writing and therefore §11222 GC is applicable. Still, it may be noticed that the petition is silent in this regard, certainly there is nothing binding this court to join in an assumption the facts concerning which are not in any way mentioned in the pleadings. To do so would appear to violate the law as expressed supra relative to a pleading having to affirmatively show on its face that it was subject to the bar of the statute of limitations before a demurrer on that ground might properly be sustained. And while it is perhaps true that one depending upon some exception to the statute of limitations should plead such an exception, it will also be recalled that under our modern practice, it is not thought proper to make presumptions against, but rather in behalf of, the pleader.

Summarizing them, it is the opinion of the court that the demurrer of the defendant should be overruled for the reasons following:

1. A contract in entirety rather than day by day, from the pleadings, would appear to be depended upon in this case and proof or evidence to that effect be acceptable under them.

2. The petition being good in at least a part of the account as against the demurrer raising the statute. assuming that it was a day to day contract as apparently contended by defendant, and the demurrer not excepting any of the cause of action from its attack, it must be overruled.

3. If the contract is not one entire contract, still part payments are so alleged as to indicate an exception to or tolling of the statute of limitations within six years before suit brought.

4. It nowhere appears by the petition that the contract was not in writing, and if it were in writing a six year limitation as raised by the demurrer would not apply.

5. One statute of limitations being raised specifically by the demurrer this court can not consider any other that might apply to the case from the face of the pleadings.

An entry may therefore be drawn overruling the demurrer of defendant saving his exceptions and allowing him fifteen days to plead further.